12 CIV 3015

JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOHN LAURICELLA,

    Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
KRISTEN WHITE Shield No. 790 of the 120th Police
Precinct SNEU, and JOHN DOEs 1 and 2 of the 120th
Police Precinct their names being fictitious as they are
presently unknown.

    Defendants.
------------------------------------------------------------------ x

COMPLAINT



The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of Nassau.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendants, POLICE OFFICER KRISTEN WHITE Shield No. 790 of the 120th Police Precinct SNEU (hereinafter referred to as WHITE), and JOHN DOEs 1 and 2 of the 120th Police Precinct (hereinafter referred to as JOHN DOEs 1 and 2) were duly sworn police officers of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants, WHITE and JOHN DOEs 1 and 2, alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendants, WHITE and JOHN DOEs 1 and 2, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about December 13, 2011 at approximately 10:20am plaintiff was walking in the vicinity of Wright and Canal Streets in Richmond County, New York with another individual known to the plaintiff after purchasing some items from a nearby grocery store.

14. Upon information and belief, at the above time, date and location, plaintiff was approached by JOHN DOEs 1 and 2 and ordered by said individuals to place his hands upon a wall.

15. Upon information and belief, at the above time, date and location, JOHN DOEs 1 and 2 place handcuffs on plaintiff and proceeded to search the plaintiff's person, including his pockets and under his clothing including, but not limited to the region of his genitalia.

16. Upon information and belief, at the time of the above-described search and seizure of the plaintiff, JOHN DOEs 1 and 2 lacked any information to believe that the plaintiff had just

committed a crime, and lacked any reasonable suspicion or probable cause to search and seize the plaintiff.

17. Upon information and belief, when the plaintiff inquired why JOHN DOEs 1 and 2 were searching and seizing the plaintiff, JOHN DOEs 1 and 2 threw the plaintiff to the ground and proceeded to strike plaintiff numerous times about the face and body causing plaintiff to suffer lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering.

18. Upon information and belief, JOHN DOEs 1 and 2 seized a number of items from the plaintiff in the course of their encounter with him.

19. Upon information and belief, defendant WHITE was present during when the above described conduct of JOHN DOEs 1 and 2 took place, and defendant WHITE was complicit in attempting to conceal the conduct of JOHN DOEs 1 and 2 by assuming the role of arresting officer and alleging in her paperwork and communicating to the District Attorney of Richmond County that the plaintiff resisted arrest when no such resistance took place.

20. Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of Richmond.

21. Upon information and belief, at no time while in police custody was the plaintiff provided with medical treatment for his injuries which were caused by defendants JOHN DOEs 1 and 2.

22. Upon information and belief, defendant WHITE did intentionally and falsely complete a sworn statement stating that plaintiff was resisting arrest.

## PENDENT STATE CLAIMS

23. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about January 13, 2012.

24. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

25. That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

26. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as a police officers, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance.

33. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety.

34. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

THIRD CAUSE OF ACTION FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. Upon information and belief, defendants JOHN DOEs 1 and 2 did place plaintiff in fear of physical injury by his conduct without plaintiff's consent.

43. Upon information and belief, defendants JOHN DOEs 1 and 2 did make physical contact with plaintiff's person against plaintiff's will by striking plaintiff about plaintiff's head and body.

44. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety.

45. Each and all of the acts of defendants JOHN DOEs 1 and 2 alleged herein were done by said persons while acting within the scope of their employment by defendant NYC.

46. The acts complained of were carried out by defendants JOHN DOEs 1 and 2 in their capacities as employees of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

47. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

FOURTH CAUSE OF ACTION FOR VIOLATION OF THE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT

48. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

49. Upon information and belief, the above described conduct of defendants JOHN DOEs 1 and 2 in throwing plaintiff to the ground and striking plaintiff repeatedly about the head and body causing plaintiff suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety constitutes inhuman and degrading treatment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

50. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

52. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendants WHITE and JOHN DOEs 1 and 2 in that the said defendants lacked the experience, deportment and ability to be employed by defendant NYC; in that NYC failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendants WHITE and JOHN DOEs 1 and 2 who lacked the mental capacity and the ability to function as employees of defendant NYC; in that the defendant NYC failed to investigate the above named defendants' background and in that it hired and retained as employees of their police department individuals who were unqualified in that WHITE and JOHN DOEs 1 and 2 lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

53. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety.

54. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

Dated: New York, New York
April 13, 2012

Very truly yours,

THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By: _____
Michael Fineman, Esq. (MF0282)
Attorney for Plaintiff,
JOHN LAURICELLA,
225 Broadway, Suite 3604
New York, New York 10007
Tel: (212) 233-4500
Fax: (212) 233-4501

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JOHN LAURICELLA,

       Plaintiff,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER KRISTEN WHITE Shield No. 790 of the 120th Police Precinct SNEU, and JOHN DOEs 1 and 2 of the 120th Police Precinct their names being fictitious as they are presently unknown.

       Defendants.

------------------------------------------------------------------------ x

## SUMMONS AND COMPLAINT

THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

Michael Fineman, Esq. (MF0282)
Attorney for Plaintiff,
JOHN LAURICELLA,
225 Broadway, Suite 3604
New York, New York 10007
Tel: (212) 233-4500
Fax: (212) 233-4501